IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| CASEY RAINES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 1:20-cv-00041 ) |
| F/N/U WILSON, et al., | ) JUDGE CAMPBELL ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Plaintiff Casey Raines, an inmate at Whiteville Correctional Facility in Whiteville, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 in the Western District of Tennessee. (Doc. No. 1). The Western District granted Plaintiff's application to proceed as a pauper and transferred this action here. (Doc. No. 4). The Complaint is before the Court for an initial review under the Prison Litigation Reform Act and the in forma pauperis statute.

### I. INITIAL REVIEW

The Court must dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). The Court also must liberally construe pro se pleadings and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**A.      Factual Allegations**

Plaintiff's allegations concern the conditions of confinement at his previous place of incarceration, South Central Correctional Facility. He alleges that, on May 31, 2019 around 6:00 p.m., Sgt. Wilson put him in an empty room adjacent to "the visiting gallery." (Doc. No. 1 at 4).

This room had no water, sink, toilet, toilet paper, bunk, ventilation, light switch, mirror, or "hygiene [products]." (*Id.*). Plaintiff also had no property because it had been stolen. (*Id.*).

Plaintiff "repeatedly" asked Wilson for a mattress to avoid sleeping on the cold floor, but Wilson said he did not have a mattress. (*Id.* at 4–5). Plaintiff also asked Wilson for a bedroll, but Wilson said the blankets were in the dryer. (*Id.* at 5). Plaintiff asked Wilson to use the restroom after six hours without restroom access, but Wilson said Plaintiff could not use the staff restroom. (*Id.*). Plaintiff asked Wilson where he was supposed to urinate, and Wilson said that Plaintiff could "urinate in the floor for all he cared." (*Id.*). After "a couple hours," Plaintiff "finally urinated in the corner on the floor." (*Id.*). From 9:00 p.m. to 7:00 a.m., Plaintiff "had to lay in the floor with [his] urine." (*Id.*).

Plaintiff now brings this action against Sgt. Wilson and CoreCivic, alleging that CoreCivic did not properly train Wilson. (*Id.* at 1, 4–5). Plaintiff requests monetary damages, Wilson's firing, and better training for CoreCivic officers. (*Id.* at 6).

**B.     Legal Standard**

To determine if a Complaint passes initial review under the applicable statutes, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). But an assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

**C.     Analysis**

"There are two elements to a § 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted).

  1. <u>Sgt. Wilson</u>

First, the Court concludes that Plaintiff has stated an arguably nonfrivolous claim against Sgt. Wilson. The Eighth Amendment protects convicted inmates from the "unnecessary and wanton infliction of pain," *Hope v. Pelzer*, 536 U.S. 730, 737 (2002) (citation omitted), which imposes a duty on prison officials to "provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (citations omitted). "An Eighth Amendment conditions of confinement claim [] contains both an objective and a subjective component." *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him 'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "The subjective component," meanwhile, "requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs." *Id.* (citing *Farmer*, 511 U.S. at 834).

Plaintiff satisfies the subjective component. Taking Plaintiff's allegations as true, Sgt. Wilson placed Plaintiff in a bare room and denied his requests for a mattress and bedroll. He also denied Plaintiff's request to use the restroom, allegedly stating that Plaintiff could "urinate in the

3

floor for all he cared." Sgt. Wilson, therefore, knew of and disregarded the conditions in Plaintiff's room.

The closer question, based on the law of this Circuit, is whether the alleged conditions in Plaintiff's room satisfy the objective component. A "prisoner must allege extreme deprivations to state an Eighth Amendment conditions-of-confinement claim," and "[a]llegations of temporary inconveniences are insufficient to state a claim." *Powell v. Washington*, 720 F. App'x 222, 228 (6th Cir. 2017) (internal quotation marks and citations omitted). Here, Plaintiff alleges that, for about thirteen hours between 6:00 p.m. to 7:00 a.m., he was in a bare room, with no water, sink, toilet, bunk, ventilation, light switch, mirror, or hygiene products. Without more, this deprivation would appear to be the type of unpleasant but temporary inconvenience that does not violate the Eighth Amendment. *See Richmond*, 450 F. App'x at 455 (holding that a prisoner did not state an Eighth Amendment claim based on a six-day deprivation of "toilet paper, soap, toothpaste, toothbrush, running water, [and] the ability to shower").

In this case, however, Plaintiff also alleges that Sgt. Wilson would not allow him to use the restroom, forcing Plaintiff to urinate on the floor in the corner of the room. And because the room was completely bare, Plaintiff was forced to sleep on that same floor.

"[E]xposure to human waste is a condition that courts will more quickly find sufficiently serious." *Lamb v. Howe*, 677 F. App'x 204, 209 (6th Cir. 2017); *see also Tate v. Campbell*, 85 F. App'x 413, 417 (6th Cir. 2003) (citation omitted) ("[F]orcing a person in the custody or under the control of state authority to publicly soil themselves may create a constitutional violation."). Even so, the period of exposure to human waste factors into this analysis. The Sixth Circuit has held, for example, that a prisoner's exposure to human waste for three or four hours does not rise to the level of a constitutional violation. *See Lapine v. Savoie*, No. 16-1893, 2017 WL 6764085, at *5
4

(6th Cir. Aug. 11, 2017) (three hours); *Lamb*, 677 F. App'x at 209 (four hours). Exposure lasting three days, on the other hand, has been found to state a claim. *See Taylor v. Larson*, 505 F. App'x 475, 477 (6th Cir. 2012).

Here, Plaintiff alleges that he was exposed to human waste for ten of his thirteen hours in the room. This is longer than the four-hour period that does not state a claim, but shorter than the three-day period that does. Taking all of the allegations together and construing them in Plaintiff's favor, it is not clear from the face of the Complaint that Plaintiff fails to satisfy the objective component of this claim. Accordingly, Plaintiff's conditions-of-confinement claim against Sgt. Wilson will not be dismissed at this stage.

2. CoreCivic

As to Defendant CoreCivic, however, Plaintiff fails to state a claim. Because it "performs the traditional state function of operating a prison," CoreCivic "acts under the color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). To state a claim against CoreCivic, Plaintiff must allege that his "'constitutional rights were violated and that a policy or custom' of [CoreCivic] 'was the moving force behind the deprivation of [his] rights." *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) (quoting *Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010)). Here, Plaintiff has not alleged that his inadequate conditions of confinement were directly caused by an official policy or custom of CoreCivic.

Plaintiff does allege, however, that CoreCivic failed to properly train Sgt. Wilson. A plaintiff may demonstrate a "policy or custom" by alleging "the existence of a policy of inadequate training or supervision." *Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). But this type of claim "requires a showing

5

of 'prior instances of unconstitutional conduct demonstrating that the [entity] had ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury.'" *Wright v. City of Euclid, Ohio*, 962 F.3d 852, 880 (6th Cir. 2020) (quoting *Burgess*, 735 F.3d at 478). CoreCivic will therefore be dismissed as a party.

## II. CONCLUSION

For these reasons, Plaintiff states an arguably nonfrivolous conditions-of-confinement claim against Sgt. Wilson. Defendant CoreCivic, however, is **DISMISSED** as a party.

The Court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

The Clerk is **DIRECTED** to send Plaintiff one service packet (a blank summons and USM 285 form). Plaintiff **MUST** complete a service packet for Sgt. Wilson and return the completed service packet to the Clerk's Office within **30 DAYS** of the date this Order is entered on the docket. Upon return of the completed service packet, **PROCESS SHALL ISSUE**.

Plaintiff is warned that failure to return a completed service packet within the required time period could jeopardize his prosecution of this action, but he may request additional time for complying with this Order, if necessary. Plaintiff is also warned that he must keep the Clerk's Office informed of his current address at all times.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE