IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| CASEY RAINES | ) | |
| | ) | |
| v. | ) | NO. 1:20-00041 |
| | ) | |
| F/N/U WILSON | ) | |

**TO:** Honorable William L. Campbell, Jr., District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Memorandum and Order entered July 27, 2020 (Docket Entry No. 7), the Court referred this prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Casey Raines ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") confined at the Whiteville Correctional Facility in Whiteville, Tennessee. On June 26, 2020, he filed this *pro se* and *in forma pauperis* lawsuit, seeking relief under 42 U.S.C. § 1983 based upon claims that prison officials violated his constitutional rights at the South Central Correctional Facility, where he had been previously confined. Upon initial review, the Court found that Plaintiff stated an arguable constitutional claim against a single defendant, Sgt. Wilson, and directed that process issue in the case to Wilson upon Plaintiff's return to the Clerk of a completed service packet. The Court dismissed other claims brought by Plaintiff. *See* Docket Entry No. 7 at 7.

1

Although Plaintiff returned a completed service packet and process was issued, process was returned unexecuted on or about October 20, 2020, with a notation that Wilson no longer worked at the South Central Correctional Facility, the address provided by Plaintiff for the summons. *See* Docket Entry No. 10. By Order entered January 6, 2021 (Docket Entry No. 12), Plaintiff was advised that Defendant Wilson had not been served with process and was given a deadline of January 29, 2021, to either provide a new addresses for service of process on Defendant Wilson or show good cause for why he had not been served with process and for why the Court should grant additional time for service of process. Upon Plaintiff's motion to have process re-issued, the Court directed that process be re-issued to Defendant Wilson at the corporate offices of CoreCivic. *See* Order entered March 31, 2021 (Docket Entry No. 20).

Although an employee of CoreCivic accepted service for Defendant Wilson, CoreCivic subsequently filed a motion to set aside service of process because Wilson is not a CoreCivic employee and the CoreCivic employee who accepted service of process is not an agent authorized to receive service of process on behalf of Defendant Wilson. The motion, which was not opposed by Plaintiff, was granted by Order entered May 25, 2021 (Docket Entry No. 24), and service of process upon defendant Wilson was set aside. The Court advised Plaintiff that a recommendation for the dismissal of the case would be entered unless, by no later than June 21, 2021, he provided a new address for service of process upon Defendant Wilson or showed good cause for why Defendant Wilson has not been served with process and for why the Court should grant additional time for service of process. To date, Plaintiff has not made any type of response to the Court's May 25, 2021, Order or taken any steps to have Defendant Wilson re-served with process.

2

Rule 4(m) requires that the defendant be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by Plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Because Defendant Wilson has not been served with process within the time period set out in Rule 4(m), this action should be dismissed.

It is also well settled that Federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Plaintiff's failure to respond to the Court's May 25, 2021, Order indicates that he has lost interest in this lawsuit.

**RECOMMENDATION**

For the reasons set out above, the it is respectfully RECOMMENDED this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S.

140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

    Respectfully submitted,

    _____
    BARBARA D. HOLMES
    United States Magistrate Judge